COMMERCIAL BANK OF PORTO RICO, PLAINTIFF AND APPELLANT, *v.* ECHEVARRÍA, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in an Action of Debt.

No. 1316.—Decided June 2, 1915.

ATTORNEY FEES—JUDGMENT, BY DEFAULT.—In order that an agreement to pay attorney fees may be enforced by a default judgment entered by the secretary, the amount claimed must be fixed in the agreement between the parties, and when this is not done the court must determine the amount.

ID.—ID.—The obligation to pay attorney fees when the amount has not been determined is enforceable only as to such fees as are reasonable.

ID.—ID.—Judges and not secretaries of courts are empowered by law to fix a reasonable amount to be paid as attorney fees in cases where such fees are allowed and their payment ordered.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The Commercial Bank of Porto Rico brought an action against José Echevarría Maisonave in the District Court of Aguadilla to recover $600 with interest, costs, disbursements and attorney fees.

Defendant's indebtedness was evidenced by a written instrument in which it was stipulated further that "in case of suit the disbursements, costs and fees of the attorney for the bank shall be for account of the debtor," without fixing a specific sum as attorney fees or a settled basis for the calculation thereof.

The defendant having been summoned and having failed to answer the complaint, the secretary of the court, upon application of the plaintiff, entered judgment by default against him for the amount claimed, together with interest and costs. Nothing was stated by the secretary concerning the attorney fees.

Thereupon the bank took the present appeal from the judgment entered by the secretary. The appeal only raises the question of whether, in view of the conditions of the contract on which the action brought by the plaintiff is based, the defendant should have been adjudged to pay the attorney fees also.

A case similar to this was decided by this court on April 29 last. We refer to the case of the *Bank of Porto Rico* v. *Ereño et al., ante* 386. In that case, after holding that an agreement to pay attorney fees in case of suit is valid, this court, through Mr. Justice Aldrey, expressed itself as follows:

"In order that the said agreement may be enforced by a judgment entered by the secretary without necessity of a trial, the amount claimed must be fixed by agreement between the parties either by specifying the amount to be paid as such fees or by some other way by which it is ascertainable by simple calculation, as, for instance, a certain percentage of the amount claimed; but when this is not

done the court must determine the amount of the fees to be paid; for, the claim being unliquidated, the default admits plaintiff's right to recover, but not the amount to which he is entitled. 23 Cyc., 753. The obligation to pay fees when the amount has not been determined is enforceable only as to such fees as are reasonable. 20 Am. & Eng. Ann. Cas., 1373.''

It is not necessary to add anything. It only remains to apply the doctrine laid down and dismiss the appeal. It is not the province of the secretary but of the court to pass upon a matter like the one indicated. The judges and not the secretaries of the courts are empowered by law to fix a reasonable amount to be paid as attorney fees in cases where such fees are allowed and their payment ordered.

. The appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.